# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RHEA DRUGSTORE, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SMITH & NEPHEW, INC., <br><br> Defendant. <br><br> SMITH & NEPHEW, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MODERN MARKETING CONCEPTS, INC., <br><br> Third-Party Defendant. | No. 2:15-cv-02060-JPM-tmp <br><br> JURY DEMAND |

**ORDER DENYING MOTION TO DISMISS**

Before the court is Defendant Smith & Nephew, Inc.'s Motion to Dismiss for Mootness and Lack of Subject Matter Jurisdiction, filed April 9, 2015. (ECF No. 27.) For the reasons stated below, the Motion is DENIED.

**I.   BACKGROUND**

This case concerns allegations that Defendant Smith & Nephew, Inc. ("S&N") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by faxing unsolicited advertisements to

1

Plaintiff Rhea Drugstore, Inc. ("Rhea") and others similarly situated without providing the opt-out notice required by statute. (See Compl., ECF No. 1.) During the Telephonic Scheduling Conference, S&N represented that Modern Marketing Concepts, Inc. ("MMC") was the party that actually sent the faxes at issue in this case.

Plaintiff filed its Complaint on January 23, 2015. (ECF No. 1.) Attached to the Complaint were two faxes. (ECF Nos. 1-1, 1-2.) Plaintiff states that these faxes were sent to Rhea on November 27, 2014, and December 3, 2014, respectively. (Compl. ¶¶ 10, 11.) According to Plaintiff, those faxes are "exemplary of the junk faxes Defendant sends." (Id. ¶ 12.) As individual and class relief, Plaintiff requests the following: (1) "determine that this action may be maintained as a class action under Rule 23"; (2) "award damages for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;" (3) "enjoin Defendant from additional violations"; and (4) "other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees." (Compl. at 9–10.)

On February 4, 2015, Rhea filed a Motion for Class Certification and to Stay Briefing. (ECF No. 12.) Rhea stated that it had filed the motion "out of an abundance of caution in light of a potential mootness problem . . . ." (Id.) Counsel

for Rhea represented that he had spoken to counsel for S&N, and that S&N did not oppose Rhea's motion to stay briefing in this matter. (ECF No. 14.) Accordingly, the Court granted Rhea's motion, stayed briefing on the motion for class certification, and directed the parties to include a proposed briefing schedule in their Joint Proposed Scheduling Order. (ECF No. 15.)

S&N filed a Motion to Dismiss on April 9, 2015. (ECF No. 27.) In its Motion to Dismiss, S&N stated that it provided Rhea with an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure on March 19, 2015. (ECF No. 27-1 at 3.) According to S&N, it offered: "(1) to pay damages to Rhea Drug for its individual claims under the TCPA in the amount of Five Thousand Dollars ($5,000.00); (2) to be enjoined from sending facsimiles in violation of the TCPA; and (3) to pay Rhea Drug all of its costs accrued as well as its reasonable attorneys' fees to be determined by the Court." (Id. (citing Faughnan Decl., ECF No. 27-2 (attaching the "offer of judgment").) Rhea filed a Response in Opposition on May 7, 2015. (ECF No. 41.) S&N filed a Reply on May 21, 2015. (ECF No. 46.)

**II. Legal Standard**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a plaintiff's complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1)

3

motion can either attack the claim of jurisdiction on its face, . . . or it can attack the factual basis for jurisdiction . . . ." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. But the fact that the court takes evidence for the purpose of deciding the jurisdictional issue does not mean that factual findings are therefore binding in future proceedings.

United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994) (citations omitted). Where a Rule 12(b)(1) motion challenges the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Williams v. Hooah Sec. Servs., LLC, 729 F.Supp.2d 1011, 1012 (W.D. Tenn. 2010) (quoting Ohio Nat. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990)) (internal quotation marks omitted).

**III. Analysis**

S&N argues that the Rhea no longer has standing to proceed in this case, and that the Court therefore does not have

jurisdiction to grant any relief to the putative class. (ECF No. 27-1.) According to S&N, its offer constituted a Rule 68 offer of judgment. (Id. at 4.) S&N asserts that under Sixth Circuit precedent, a Rule 68 offer of judgment made before certification -- whether accepted or not -- moots the action. (Id. (citing Brunet v. City of Columbus, 1 F.3d 390, 399 (6th Cir. 1993) and Mey v. N. Am. Bancard, LLC, No. 14-cv-11331, 2014 WL 668773, at *2 (E.D. Mich. Nov. 26, 2014), appeal docketed, No. 14-2574 (6th Cir. December 11, 2104)).) S&N states that the appropriate relief in a circumstance such as this, in which a Rule 68 offer of judgment is not accepted, is to enter judgment in favor of the named plaintiff. (ECF No. 27-1 at 4–5 (citing Mey at *2).)

Rhea argues that its cause of action is not moot for two reasons. First, Rhea argues that the offer made by S&N did not provide everything that Rhea requested as an individual. (ECF No. 41 at 4–9.) According to Rhea, the two faxes referenced in the Complaint are "simply examples of S&N's noncompliant faxes." (Id. at 5.) Rhea asserts that "[n]either S&N nor Rhea Drug knows how many violations occurred during the class period," and that further discovery will be needed to determine whether S&N offered complete relief. (Id. at 6.) Rhea also argues that because it requested actual monetary damages if greater than the statutory damages, the $5000 offered is insufficient. (Id. at

5

6-8.) Additionally, Rhea states that it individually requested class relief, and so the offer of judgment has failed to provide that relief. (Id. at 8.)

Second, Rhea argues that even if S&N's offer was a Rule 68 offer of judgment, it does not moot the class action. (Id. at 9-17.) According to Rhea, such an offer of judgment does not moot a class action if the offer is made after the motion for class action is filed. (Id. at 8-9 (citing Brunet, 1 F.3d at 399).)

The Court agrees that even if S&N's offer was a Rule 68 offer of judgment, it does not moot the class action. According to the Sixth Circuit, whether an offer of judgment moots an action depends on when the offer is made. "Once a class is certified, the mooting of the named plaintiff's claim does not moot the action[;] the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists." Brunet v. City of Columbus, 1 F.3d 390, 399 (6th Cir. 1993). "Where, on the other hand, the named plaintiff's claim becomes moot before certification, dismissal of the action is required." Id. The Brunet court held that because the representatives had not even filed their motion for class certification at the time that they settled, their class claims were moot. See id.

The Sixth Circuit has yet to determine the effect of an offer of judgment that is made after a motion for class certification has been filed. S&N's citations to Mey, which is currently pending before the Sixth Circuit, are inapposite, as the district court in Mey denied an early motion for class certification as premature. In contrast, in this case, S&N did not oppose Rhea's early filing of the motion for class certification and staying briefing until a later date. Accordingly, the procedural posture in this case requires the Court to consider whether an offer of judgment made after a motion for class certification has been filed moots the action. For the following reasons, the Court finds that it does not.

According to the Supreme Court, class certification relates back to the filing of the complaint when a representative's claims "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 399 (1980). Several circuits have held that an offer of judgment renders a potential representative's claim sufficiently transitory due to the defendant's strategy of attempting to "pick off" potential class representatives -- regardless of whether a motion for class certification has yet been filed. Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1090–92 (9th Cir.

7

2011); Weiss v. Regal Collections, 385 F.3d 337, 346–47 (3d Cir. 2004), as amended (Oct. 22, 2004); see also Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239, 1250 (10th Cir. 2011) (holding that an offer of judgment does not moot a class action when a plaintiff timely files a motion for class certification pursuant to an agreed upon schedule -- even when filed after the offer of judgment is made). Other Circuits have held that once the motion for class certification has been filed, the relation back doctrine applies. Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1048–49 (5th Cir. 1981); Susman v. Lincoln Am. Corp., 587 F.2d 866, 869–71 (7th Cir. 1978).

The Court follows the guidance of Geraghty, and of the Third, Fifth, Seventh, Ninth, and Tenth Circuits, and holds that once a motion for class certification has been filed, class certification relates back to the date of the filing of the complaint. Accordingly, Plaintiff's claims are not moot so long as the motion for class certification is pending -- and class certification is not denied. Plaintiff thus has standing to pursue its claims, and the Court has subject matter jurisdiction over this action.

**IV. CONCLUSION**

For the reasons stated above, S&N's Motion to Dismiss (ECF No. 27) is DENIED.

**IT IS SO ORDERED**, this 10th day of June, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE
