# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| RHEA DRUGSTORE, INC., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SMITH & NEPHEW, INC., <br><br> Defendant. <br><br> SMITH & NEPHEW, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MODERN MARKETING CONCEPTS, INC., <br><br> Third-Party Defendant. | No. 2:15-cv-02060-JPM-tmp <br><br> JURY DEMAND |

## ORDER DENYING MOTION TO CERTIFY INTERLOCUTORY APPEAL

Before the court is Defendant Smith & Nephew, Inc.'s (S&N) Motion to Certify Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), filed June 22, 2015. (ECF No. 51.) S&N moves the Court to amend its June 10, 2015, Order Denying Motion to Dismiss (ECF No. 49), Rhea Drugstore, Inc. v. Smith & Nephew, Inc., No. 2:15-cv-02060-JPM-tmp, 2015 WL 3649061, at *1 (W.D. Tenn. June 10, 2015)[1], to include language pursuant to 28 U.S.C.

---

[1] The procedural and factual background of this case are described in the Order Denying Motion to Dismiss.

1

§ 1292(b) certifying the issues addressed in that order for interlocutory appeal. (ECF No. 51.)

I. **LEGAL STANDARD**

A court may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) only if three conditions are met: "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

II. **ANALYSIS**

Even assuming the first and third conditions are met, for the following reasons, the Court finds the second condition is not. "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression, (2) a difference of opinion exists within the controlling circuit, or (3) the circuits are split on the issue." W. Tennessee Chapter of Associated Builders & Contractors, Inc. v. City of Memphis, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (internal citations omitted).

   A. **Whether the Issue is Difficult and of First Impression**

Although the exact issue presented to the Court is of first impression, the Court does not find the issue sufficiently

complicated as to render it fit for immediate appeal simply by virtue of its complexity. Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The complexity of the issues presented does not, on its own, justify such a departure.

B. **Whether There is a Difference of Opinion in the Sixth Circuit**

S&N points to no difference of opinion in the Sixth Circuit on the controlling issues presented (See ECF No. 51-1 at 4-5) -- and the Court is aware of none.

C. **Whether There is a Circuit Split**

As to the existence of a circuit split, according to S&N, there is a "split[] among the circuits" on cases "involving the interplay between mootness and early, unaccepted offers of judgment." (ECF No. 51-1 at 5.) S&N fails, however, to identify any circuit court decisions in conflict with the Court's Order Denying Motion to Dismiss (ECF No. 49). The only case S&N cites in clear support of its position is the decision of a state intermediate appellate court. (See ECF No. 27-1 at 8-9 (citing Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc., 22 N.E.3d 137, appeal allowed, 23 N.E.3d 1199 (Ill. 2015).) The existence of a contrary opinion in some court

3

in some state, however, cannot justify a departure from "the basic policy of postponing appellate review until after the entry of a final judgment." Cf. Livesay, 437 U.S. at 475.

**D. S&N's Additional Arguments**

Even despite the absence of a clear circuit split, S&N argues that there are two reasons the Court should still find substantial grounds for a difference of opinion.

First, S&N avers that the reasoning in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), is in significant tension with the Court's Order Denying Motion to Dismiss. (See ECF No. 51-1 at 4–5.) The Court disagrees. In Genesis, the Supreme Court held that "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. The Supreme Court was careful to note that the plaintiff "had not yet moved for 'conditional certification' when her claim became moot, nor had the District Court anticipatorily ruled on any such request." Id. at 1530. Consequently, the Supreme Court held that because the plaintiff's claim "became moot prior to these events," the relation back doctrine outlined in United States Parole Comm'n v. Geraghty, 445 U.S. 388 (1980),[2] could not

---

[2] The Supreme Court held in Geraghty that class certification relates back to the filing of the complaint when a representative's claims "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires could not save her claim." 445 U.S. at 399.

4

save her claim. 133 S. Ct. at 1530. In the instant case, Plaintiff filed a Motion for Class Certification (ECF No. 12) prior to an offer of judgment being made. See Rhea Drugstore, Inc., 2015 WL 3649061, at *1. Accordingly, the Court's reliance on Geraghty is not in tension with Genesis.

Second, S&N argues the existence of pending appeals in Gomez v. Campbell-Ewald Co., 768 F.3d 871, 875 (9th Cir. 2014) cert. granted, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), and Mey v. N. Am. Bancard, LLC, No. 14-CV-11331, 2014 WL 6686773, at *1 (E.D. Mich. Nov. 26, 2014), "weigh in favor of S&N's request for certification of the issues for interlocutory appeal." (ECF No. 51-1 at 5.) S&N in effect argues that the existence of a pending appeal that could theoretically reach a different result is sufficient to find a substantial ground for difference of opinion. Such a holding would "open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" in contravention of § 1292(b). See Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty., 364 F.2d 919, 922 (6th Cir. 1966). The existence of pending appeals in Gomez and Mey, therefore, does not weigh in favor of finding a substantial ground for difference of opinion.

**III. CONCLUSION**

For the foregoing reasons, the Court finds that interlocutory appeal is not warranted pursuant to 28 U.S.C. § 1292(b). Accordingly, S&N's Motion (ECF No. 51) is DENIED.

**IT IS SO ORDERED**, this 24th day of June, 2015.

<u>/s/ Jon P. McCalla</u>
JON P. McCALLA
UNITED STATES DISTRICT JUDGE